IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DURELL H. COTTON, JR.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-1345-JDW |
| | : | |
| **McCAFFRY,** | : | |
| Defendant. | : | |

## MEMORANDUM

Durrell Cotton asserts civil rights claims against a Lieutenant McCaffry based on events that occurred on March 15, 2024, while Mr. Cotton was a prisoner at SCI Phoenix. For the following reasons, I will grant Mr. Cotton's motion to proceed *in forma pauperis* and dismiss his Complaint.

I. **FACTUAL ALLEGATIONS**

On March 15, 2024, between approximately 6:20pm and 8:00pm, inmates on Mr. Cotton's unit were being escorted to showers. Mr. Cotton asked the officers on duty for a trash can so he and his cell mate could dispose of two-day old trash that was in their cell and was told that he would have to wait until lunchtime. In response, Mr. Cotton, "along with his cell-mate," pushed the trash outside of the cell on his way to the shower. (ECF No. 1 at ¶ 8.)

The shower to which Cotton was taken was filthy, so he asked to return to his cell. Once back in his cell, he again asked the officers on duty for a trash can to remove the

allegedly foul-smelling trash, but the officers refused to provide one. When Mr. Cotton's cellmate returned from the shower, Mr. Cotton "dumped the trash bag out in front of the cell and allowed his cell-mate to step in." (*Id.* ¶ 11.)

Lt. McCaffry then entered the cell, ordered Mr. Cotton and his cell mate to "step back," and told them that he would spray them with pepper spray if they moved. (*Id.* ¶ 12.) Lt. McCaffry started tossing Mr. Cotton's property around the cell, beginning with the bed. He crumbled Mr. Cotton's legal work and shoved it off the desk. When Mr. Cotton informed Lt. McCaffry that the documents included legal work, Lt. McCaffry stated, "I don't give a shit." (*Id.* ¶ 16.) Lt. McCaffry then pointed to a brown bag under the bottom bunk and asked to whom the bag belonged; Mr. Cotton stated that it "was his suhoor bag and that he was fasting." (*Id.* ¶ 17.) Lt. McCaffry pulled the bag out from under the bed and smashed it with his foot. When Mr. Cotton asked Lt. McCaffry why he did that, Lt. McCaffry responded, "because you wanna fuckin throw trash on my unit, now I'm gonna trash your fuckin cell." (*Id.*)

Lt. McCaffry then "shoved [Mr. Cotton's] soap, toothpaste, lotion, shampoo, and toothbrush" off the shelf where they were neatly assembled after confirming that he was targeting Mr. Cotton's products and not those belonging to Mr. Cotton's cellmate. (*Id.* ¶¶ 18-19.) Lt. McCaffry picked up Cotton's toothbrush, "pulled the plastic off of it, and looked at [Cotton] before tossing it in the toilet." (*Id.* ¶ 20.) He threw one of Mr. Cotton's sheets out of the cell and exited the cell. Mr. Cotton alleges that he asked for a new

toothbrush and sheet, but that Lt. McCaffry told him "it wasn't gonna happen." (*Id.* ¶ 23.) After making several requests, Mr. Cotton received a new toothbrush the next afternoon. He received a new sheet three days after the incident.

Mr. Cotton claims that Lt. McCaffry's actions caused him psychological distress and emotional injuries. Accordingly, he filed this lawsuit against Lt. McCaffry in his individual and official capacities under 42 U.S.C. § 1983. Liberally construing the Complaint, it appears that Mr. Cotton brings a Fourth Amendment claim, an Eighth Amendment claim, a due process claim, a claim for denial of access to the courts, and a retaliation claim.[1]

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[1] Among Mr. Cotton's claims for relief is a claim for declaratory relief. But declaratory relief is unavailable to declare that one's rights have been violated in the past, which is what Mr. Cotton requests. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*).

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.  DISCUSSION

#### A.  *In Forma Pauperis*

Mr. Cotton has demonstrated that he cannot afford to pay the required filing fee at the moment, so I will grant him leave to proceed *in forma pauperis*. Because he his a prisoner, he will still have to pay the $350 filing fee in installments.

#### B.  **Plausibility Of Claims**

Mr. Cotton's claims arise under Section 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

##### 1.  **Fourth Amendment**

"[P]risoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Therefore, Mr. Cotton cannot assert a claim

under the Fourth Amendment. Because no additional facts would change this outcome, I will dismiss this claim with prejudice.

### 2. Eighth Amendment

"To determine whether prison officials have violated the Eighth Amendment, [a court] appl[ies] a two-prong test: (1) the deprivation must be 'objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities'; and (2) the prison official must have been 'deliberate[ly] indifferen[t] to inmate health or safety.'" *Porter v. Pennsylvania Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Such necessities include food, clothing, shelter, medical care, and reasonable safety. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). "To violate the Eighth Amendment, conditions of confinement must be dangerous, intolerable or shockingly substandard." *Riley v. Jeffes,* 777 F.2d 143, 147 (3d Cir. 1985). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

To believe Mr. Cotton, Lt. McCaffry deprived him of a toothbrush for less than a day and a sheet (or an extra sheet) for three days. These are not the type of deprivations that amount to a denial of the minimal civilized measure of life's necessities. Mr. Cotton

5

does not allege that he suffered any specific harm as a result of these deprivations. Additionally, "[t]he loss, theft, or destruction of [a prisoner's] property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment." *Parrish v. Corr. Emergency Response Team*, No. 18-4871, 2019 WL 1596337, at *4 (E.D. Pa. Apr. 12, 2019) (citing cases). I will therefore dismiss Mr. Cotton's Eighth Amendment claim because it is not plausible. And, because no additional facts could change the fact that the harm that Mr. Cotton suffered falls below the Constitutional threshold, so I will dismiss the claim with prejudice.

### 3. Due process

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. The Pennsylvania Department of Correction's grievance procedure provides a sufficient postdeprivation remedy for intentional deprivations of property by state employees. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013). Mr. Cotton's due process claim is therefore not plausible because he had an adequate postdeprivation remedy for the damage to his property through the prison grievance system. Nothing Mr. Cotton could allege would change the fact that he had such a grievance process available to him, so I will dismiss this claim with prejudice.

### 4. Denial of access to courts

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'— that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415.

To the extent Mr. Cotton is claiming he was denied access to the courts because of the destruction of his legal material, he has failed to state a claim. He alleges that Lt. McCaffry destroyed some of his legal work, but he does not describe the nature of the legal work or allege that its destruction caused him to lose the ability to pursue a meritorious claim. Just listing lost legal work among items that a correctional officer destroyed is insufficient to state a claim for denial of access to the courts. *See Adams v. Corr. Emergency Response Team*, No. 20-2693, 2021 WL 1608550 (3d Cir. Apr. 26, 2021) (*per curiam*). I will therefore dismiss Mr. Cotton's claim for denial of access to the courts. I will give him a chance to file an amended complaint if he has more facts that he can allege to support the claim.

### 5. Retaliation

To state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). "As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." Id. "An adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than de minimis.'" Watson v. Rozum, 834 F.3d 417, 423 (3d Cir. 2016) (quoting McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006)) (alterations in original). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct can establish a causal link between the two. See Id. at 422.

Mr. Cotton cannot state a retaliation claim based on throwing trash out of his cell because that act was not constitutionally protected activity. Mr. Cotton cannot plead additional facts that would change that fact, so I will dismiss this claim with prejudice.

## IV. CONCLUSION

I will grant Mr. Cotton's leave to proceed in forma pauperis and dismiss his Complaint. I will give him leave to file an amended complaint only as to his claim that he

was denied access to the courts due to the destruction of his legal materials. I will dismiss the other claims with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 28, 2024