IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DURELL H. COTTON, JR.,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Case No. 2:24-cv-1345-JDW** |
| | : | |
| **McCAFFRY,** | : | |
| Defendant. | : | |

### ORDER

AND NOW, this 28th day of May, 2024, upon consideration of Plaintiff Durell H. Cotton, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 5) and his *pro se* Complaint (ECF No. 1), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** as follows.

1. The Motion To Proceed *In Forma Pauperis* (ECF No. 5) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Durell H. Cotton, Jr., #MR-8694, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Superintendent of SCI Phoenix or other appropriate official shall assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Cotton's inmate account; or (b) the average monthly balance in Mr. Cotton's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed

pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Cotton's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Cotton's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court shall send a copy of this Order to the Superintendent of SCI Phoenix.

      4.      The Complaint is **DEEMED** filed.

      5.      The Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

      a.      Mr. Cotton's claim for denial of access to the courts is **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph six (6) of this Order; and

      b.  The balance of the Complaint is **DISMISSED WITH PREJUDICE**.

      6.      On or before June 28, 2024, Mr. Cotton may file an amended complaint in the event he can cure the defects in his claim that Lt. McCaffry denied him access to the courts.  Any amended complaint shall clearly state the basis for Mr. Cotton's denial of access claim.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting

his amended complaint, Mr. Cotton should be mindful of my reasons for dismissing the claims in his initial Complaint as explained in the accompanying Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until I so order.

7. The Clerk of Court shall send Mr. Cotton a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Cotton may use this form to file his amended complaint if he chooses to do so.

8. If Mr. Cotton does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, then on or before June 28, 2024, he may file a notice with the Court stating that intent, at which time I will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.

9. If Mr. Cotton fails to file any response to this Order, I will conclude that Mr. Cotton intends to stand on his Complaint and will issue a final order dismissing this case.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**